UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

In re:

    VANESSA PUGH, aka
    VANESSA PUGH-REEFER, aka
    VANESSA D. PUGH,

                  Debtor.

Case No.

2:18-cv-06508-JMA

---

*APPELLANT BRIEF*

---

**RONALD D. WEISS, P.C.**
**ATTORNEY AT LAW**
**734 WALT WHITMAN ROAD, SUITE 203**
**MELVILLE, NEW YORK 11747**
**(631) 271 - 3737**

# TABLE OF CONTENTS

Procedural History

Statement of Facts

Argument: Point 1

Argument: Point 2

Argument: Point 3

Conclusion

## PROCEDURAL HISTORY

On May 21, 2018, the Debtor came into the Law Firm of Ronald D. Weiss, P.C.("our Office") for an appointment. Due to the impending foreclosure sale scheduled for May 24, 2018, our office moved quickly to prepare a Chapter 13 Bankruptcy petition for the Debtor's review and execution.

On May 23, 2018, based on our office records, our office filed a Chapter 13 Bankruptcy petition on behalf of the Debtor. The Debtor's Plan was based upon obtaining a Loan modification as outlined in the Bankruptcy Court's Adoption of Modified Loss Mitigation Program Procedures General Order #582 Amending General Order #543 dated September 9., 2011.

On May 24, 2018, this being the second Chapter 13 Bankruptcy petition filed by the Debtor with a twelve-month period, our office drafted and filed a Motion to Extend the Automatic stay. The change in circumstances that formed the basis for this motion was that the Debtor's special needs teenage son was placed in a year-round residential program, thus drastically reducing the Debtor's expenses. These expenses were not reduced enough to allow for a traditional Chapter 13 plan, however, the reduction would allow for the Debtor to apply for another loan modification via the loss mitigation program.

On June 6, 2018, our office appeared on behalf of the Debtor before Hon. Robert E. Grossman at the hearing on the Motion to Extend the Automatic Stay. This motion was granted and an Order extending the automatic sat was signed and entered.

On August 2, 2018, our office had a telephone conversation with the Debtor in which we discussed the bankruptcy action and upcoming Confirmation/Motion to Dismiss hearing to be held on August 9, 2018. Additionally, our office further explained the difference between loss mitigation plans and traditional Chapter 13 "catch-up" plans.

On August 9, 2018, our office appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert Grossman and Trustee Michael Macco. The Debtor also personally appeared

at the hearing. Due to the Debtor being current with her Chapter 13 Trustee payments, Trustee did not require us to appear before Hon. Grossman. The Trustee reminded us that the 341 was scheduled for August 20, 2018. He then adjourned the matter to August 23, 2018

On August 10, 2018, our office had a telephone conversation with the Debtor regarding her social security card and we discussed the changes that needed to be made to the Chapter 13 Plan. Our office indicated that our office would be making the changes and would send the plan to her via email for her review and approval.

On August 10, 2018, our office amended the Debtor's Chapter 13 repayment plan, as per the Trustee's instructions. The amended plan was sent to the Debtor for review and approval.

On August 15, 2018, our office received the executed plan back from the Debtor. The plan was subsequently uploaded to the Bankruptcy docket and served upon the creditors.

On August 23, 2018, our office appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert Grossman and Trustee Michael Macco. The Debtor also personally appeared at the hearing. The matter was adjourned to September 27, 2018.

On September 27, 2018, our office appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert Grossman and Trustee Michael Macco. The Debtor did not personally appear at the hearing. Hon. Robert Grossman dismissed the matter but retained jurisdiction so as to conduct a hearing as to the reasonableness of the fees collected by our firm.

On October 1, 2018, our office placed a telephone call to the Debtor to explain the outcome of the hearing held on September 27, 2018 and the ramifications of the dismissal. The Debtor indicated that she understood my explanation.

On October 11, 2018 the Court signed an Order Dismissing Case and Order to Show Cause hearing to determine whether legal fees paid by the Debtor to the Law Firm of Ronald D. Weiss in this case exceed the reasonable value of service provided and whether any or all

portion of fees should be returned, and the Court retain jurisdiction to determine sanctions against Ronald D. Weiss, Esq.

On October 31, 2018 the Court held the hearing on the Court's Order to Show Cause to determine whether the legal fees paid by the Debtor to the Law Firm of Ronald D. Weiss in this case exceed the reasonable value of services provided and whether any or all portion of such fees should be returned by the Law Firm of Ronald D. Weiss to the debtor. The debtor Vanessa Pugh, Ronald D. Weiss, Esq., William Birmingham, Michael L. Carey, Esq. Heidi Ortiz, Misty Transeau and Christine Black, Esq. of the Office of the United States Trustee appeared. After testimony the Court granted its own Order to Show Cause and directed that Ronald D. Weiss, P.C. to return the money for the second case by the end of business on October 31, 2018. The Law Office of Ronald D. Weiss, P.C. returned $3,500.00 to the debtor by the end of business on October 31, 2018.

On November 1, 2018 the Court entered an Order directing the Law Firm of Ronald D. Weiss, P.C. to disgorge to the Debtor the amount of $3,500.00 on or before October 31, 2018 at 5:00 p.m. The Law Office of Ronald D. Weiss, P.C. refunded to $3,500.00 to the Debtor in Accordance with the Bankruptcy Court Order.

The Law Office of Ronald D. Weiss filed a Notice of Appeal to the District Court regarding the Order Directing the Disgorgement of Fees. That Order is the subject of this Appeal. The Law Office of Ronald D. Weiss seeks that the Order of Disgorgement be Vacated. The Law Office does not seek entry of an Order directing the repayment of the $3,500.00 from the Debtor.

## STATEMENT OF FACTS

Vanessa Pugh is the Debtor in this Bankruptcy Proceeding. On May 14, 2018, the Debtor retained the Law Office of Ronald D. Weiss, P.C. to file a second Chapter 13 Bankruptcy action.

The Debtor is the sole owner of my residence located at 55 Tell Avenue, Deer Park, NY 11729.

The Debtor's First Chapter 13 Case was dismissed primarily due to the Trustee finding her plan unfeasible. The Debtor was attempting to obtain a loan modification in order to save her home. The lender denied her loan modification and her Plan could not be converted into a traditional "catch-up" plan. Consequently, First Bankruptcy case was dismissed.

The Debtor returned to the Law Office of Ronald D. Weiss, P.C. to file a second Chapter 13 and also pursue loss mitigation. The Debtor sat with Mr. Weiss who explained to her that the automatic stay that would stop the bank holding her mortgage from continuing their foreclosure action would only last for 30 days. He further explained that in order for the automatic stay to be imposed for the duration of the matter, the Debtor would have to petition the Court with a change in circumstances.

As such, the Debtor explained to Mr. Weiss that her seventeen-year-old son with special needs was no longer living with her. At the time of the second filing, the Debtor was able to move her son into a year-round residential program which resulted in an approximate $750.00 reduction in her expenses.

The Debtor worked with Mr. Weiss' office in order to obtain a loan modification via the Chapter 13 loss mitigation program. Despite the extensive efforts of the Debtor and Mr. Weiss'

office, the Debtor was denied a loan modification by the holder of the debtor's mortgage.

On August 23, 2018, the Debtor appeared at the Confirmation/Motion to Dismiss hearing before Hon. Robert E. Grossman and Trustee Michael Macco. At this hearing, Hon. Robert E. Grossman asked the attorney who appeared from Mr. Weiss' office, William J. Birmingham, if the money the Debtor paid to Mr. Weiss' office for the second Chapter 13 Bankruptcy would be returned to me if it was my desire to have it returned. Mr. Birmingham answered that it would be.

Following the hearing, the Debtor did not make such a request from Mr. Weiss. The Debtor set forth in her Affidavit submitted in preparation of the October 31, 2018 that "Although I did not get the result I was looking for, I am satisfied with the services provided by the Law Office of Ronald D. Weiss, P.C. "

The Debtor also advised the Bankruptcy Court that the Debtor did not want to receive a refund from the Law Office of Ronald D. Weiss, P.C. Despite the fact that the Debtor advised the Court that the Debtor did not want a refund of any money paid to the Law firm of Ronald D. Weiss and the fact that the Bankruptcy Court found a change in circumstance and extended he automatic stay in the second Bankruptcy Case the Court disgorged $3,500.00 from the Law Office of Ronald D. Weiss, P.C. The Law Office of Ronald D. Weiss. P.C. refunded the $3,500.00 to the Debtor. The Law Office of Ronald D. Weiss, P.C. seeks the Order of Disgorgement be vacated. The Law Office of Ronald D. Weiss does not seek entry of an Order directing the repayment of $3,500.00 from the Debtor.

## ARGUMENT: POINT ONE

**The Court erred in determining that the Ronald D. Weiss, P.C. should return fees to the Debtor before the Court had any evidence, either testimony or documentary, and prior to conducting the evidentiary hearing on October 31, 2018.**

The Law Firm of Ronald D. Weiss, P.C. recognizes that the Bankruptcy Court has inherent powers to police the conduct of litigants and attorneys who appear before if. However, the Bankruptcy Court cannot unilaterally sanction a law firm and Order the disgorgement of a fee.

The Court was predetermined to disgorge the $3,500.00 fee from the Law Firm of Ronald D. Weiss, P.C. as set forth on the Court record in the transcript of the September 27, 2018 hearing and the in the transcript of the October 31, 2018 hearing.

The Law Firm of Ronald d. Weiss, P.C. submitted sufficient evidence of the reasonableness of the $3,500.00 attorney fee and that the fee was earned. The evidence included affidavits, Loan Modification applications and appeal and testimony at the evidentiary hearing held on October 31, 2018.

Accordingly, the Court erred in determining that the Ronald D. Weiss, P.C. should return fees to the Debtor before the Court had any evidence, either testimony or documentary, and prior to conducting the evidentiary hearing on October 31, 2018.

## ARGUMENT:  POINT TWO

**The Court did not have the authority to Order a fee returned to the Debtor where the Debtor testified that the Debtor did not want the fee returned and stated on the record that the Debtor was satisfied with the legal services rendered and the evidence presented at the evidentiary hearing set forth that considerable time was spent on the case and it was believed that the bankruptcy filing with loss mitigation could be successful.**

The Law Firm of Ronald D. Weiss, P.C. recognizes that the Bankruptcy Court has discretion over legal fees paid by the Debtor to the Debtor's attorney. However, the Bankruptcy Court does not have the authority to Order disgorgement of legal fees which are earned in a case. In this case, the Court had approved of the Debtor's application seeking to extend the automatic stay in the second Bankruptcy case. The Bankruptcy Court knew that the second Bankruptcy Case was filed based upon a change in circumstance and that the Debtor would be participating in the Bankruptcy Court approved Loss Mitigation Program and Procedures. Furthermore, the Law Firm of Ronald D. Weiss, P.C. submitted evidence consisting of Affidavits and Loan Modification submissions prior to the October 31, 2018 evidentiary proceeding and provided testimony of witnesses which established the reasonableness of the $3,500.00 attorney fee charged and that the legal fee was earned for the services provided to the Debtor in the second Bankruptcy case.

Accordingly, the Court did not have the authority to Order a fee returned to the Debtor where the Debtor testified that the Debtor did not want the fee returned and stated on the record that the Debtor was satisfied with the legal services rendered and the evidence presented at the evidentiary hearing set forth that considerable time was spent on the case and it was believed that the bankruptcy filing with loss mitigation could be successful.

## ARUGEMENT:   POINT THREE

**The Court erred in changing the Court's position as to the Loss Mitigation Program and Procedures after the second case was filed and the Court had entered an Order extending the Automatic Stay, after a hearing at which the Debtor established a change in circumstances for the entry of an Order extending the Automatic Stay, and after the Court entered an Order directing the Debtor and Creditor Wells Fargo Home Mortgage to participate in The Loss Mitigation Program with respect to the Property located at 55 Tell Avenue, Deer Park, N.Y. 11729.**

The Bankruptcy Court adopted Modification of Home Mortgage Procedures. See Bankruptcy Court General Order #582 Amending General Order #543. Based upon those Procedures Debtor may seek a modification of their mortgage as part of the Chapter 13 Proceeding which is an alternative to the traditional "catch-up" Plan. This enables the Debtor to be successful in restructuring the mortgage Debt on the Debtor's primary residence with a new repayment plan which would be over a longer period of time than the traditional 60 month catch up period provided by the Bankruptcy Code.

As set forth in the transcript of the hearing on October 31, 2018, Judge Grossman set forth that changes would be coming to the Loan Modification Procedures. It appears that Judge Grossman, even after he found in this case that there had been a change in the Debtor's circumstances warranting an extension of the automatic stay so that the Debtor could pursue another loan modification, penalized the Law Firm of Ronald D. Weiss, P.C. by ordering the disgorgement of the $3,500.00 fee because he determined that new procedures would be implemented in the future as to Chapter 13 proceedings that sought loan modifications.

Judge Grossman' new procedures became effective on December 3, 2018 and require separate motions by the Debtor's requesting to enter the Court's Loss Mitigation Programs.

Accordingly, the Court erred in changing the Court's position as to the Loss Mitigation Program and Procedures after the second case was filed and the Court had entered an Order extending the Automatic Stay, after a hearing at which the Debtor established a change in circumstances for the entry of an Order extending the Automatic Stay, and after the Court entered an Order directing the Debtor and Creditor Wells Fargo Home Mortgage to participate in The Loss Mitigation Program with respect to the Property located at 55 Tell Avenue, Deer Park, N.Y. 11729.

//

//

//

//

//

//

//

//

**WHEREFORE**, I respectfully request than an Order be entered, vacating the Bankruptcy Court Order Directing the Law Firm of Ronald d. Weiss, P.C. Disgorge the Legal Fee of $3,500.00 and granted such other, further and different relief as this Court deems just, proper and equitable.

Dated: January 17, 2019

                                                               Ronald D. Weiss, Esq.
                                               Ronald D. Weiss, P.C.
                                               734 Walt Whitman Road, Ste 203
                                               Melville, NY 11747
                                               Ph: 631-271-3737
                                               Fx: 631-271-3784