| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X | <u>For Online Publication Only</u> |
| In re VANESSA PUGH, aka Vanessa Pugh-Reefer,<br>aka, Vanessa D. Pugh, | **ORDER**<br>18-cv-06508-JMA |
| ----------------------------------------------------------------X | |

**AZRACK, United States District Judge:**

Before this Court is an appeal filed by Ronald D. Weiss P.C. ("Weiss") from the Bankruptcy Court's November 1, 2018 Order Directing Disgorgement of Fees (Grossman, J.). In that Order, Bankruptcy Judge Robert E. Grossman ordered Weiss to disgorge to Vanessa Pugh ("Debtor") $3,500 in attorney's fees pursuant to 11 U.S.C. § 329.

For the reasons set forth below, the Bankruptcy Court's decision below is dismissed.

## I. BACKGROUND

Familiarity with the record below is assumed.

This appeal arises from two voluntary Chapter 13 bankruptcy petitions: (1) the "First Bankruptcy Case" and (2) the "Second Bankruptcy Case." Judge Grossman presided over both cases. In both cases, the bankruptcy petitions were dismissed after Wells Fargo, N.A. (the "Secured Creditor") denied Debtor's requests for a loan modification through the Bankruptcy Court's Loss Mitigation Program. Weiss represented the Debtor throughout both bankruptcy proceedings. Weiss proffered the Debtor's purported change of circumstance as the basis for filing the second Chapter 13 petition.

### A. <u>The First Bankruptcy Case</u>

On July 20, 2017, Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code"). (ECF No. 18, Ex. G.) Debtor is the sole owner of a residence located at 55 Tell Avenue, Deer Park, NY 11729, and Debtor was facing foreclosure of her residence. (<u>Id.</u>) Debtor paid Weiss $3,500 for legal services connected to the First

Bankruptcy Case. (Oct. 31, 2018 Tr. ("Hr'g Tr.") at 31:16–17, ECF No. 2.4.) In that proceeding, Debtor filed a request with Judge Grossman to enter the Bankruptcy Court's Loss Mitigation Program, which was approved. (Case No. 17-74413, ECF Nos. 12, 16.) However, the Secured Creditor denied the Debtor's loan modification request in September 2017. (Case No. 17-74413, ECF No. 23.) Debtor appealed the denial—that appeal was rejected in January 2018. (Case No. 17-74413, ECF No. 29.)

In considering Debtor's monthly income of $12,006 and her expenses, including Debtor's two mortgages, the Secured Creditor determined Debtor's housing-to-income (the "HTI") ratio was below the Secured Creditor's target. (Case No. 17-74413, ECF No. 35 at 1–3.) Therefore, the Secured Creditor concluded that the loan was "affordable" and was not willing to modify the loan. Additionally, the Secured Creditor noted a negative net present value (the "NPV"), which was a further reason not to modify the loan. (Id.)

Consequently, after the appeal was denied by the Secured Creditor, the Bankruptcy Court terminated the loss mitigation process and granted a motion to dismiss the case on February 27, 2018. (Case No. 17-74413, ECF Nos. 36, 38; Order Terminating Loss Mitigation and Final Report.) The First Bankruptcy Case was formally closed on May 8, 2018. (Case No. 17-74413, ECF No. 41.)

**B. The Second Bankruptcy Case**

After the unsuccessful First Bankruptcy Case, on May 21, 2018, the Debtor, again, sought legal help from Weiss, as a foreclosure sale of Debtor's residence was scheduled for May 24, 2018. (Hr'g Tr. 19:2–15.) On May 23, 2018, Debtor filed a voluntary Chapter 13 Bankruptcy petition, which was again assigned to Judge Grossman (the "Second Bankruptcy Case"). On May 24, 2018, Debtor filed a motion to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)—such a

request was necessary because this was the second Chapter 13 Bankruptcy petition filed by Debtor within a one year period and, as such, she would only receive a 30-day stay unless the Bankruptcy Court extended the stay. 11 U.S.C. § 362(c)(3)(B); see also ECF 8-1, Ex. D. On May 24, the Debtor filed another request to participate in the Loss Mitigation Program. (Case No. 8-18-73512, ECF No. 9.)

On June 7, 2018, Judge Grossman granted the Debtor's (apparently unopposed) motion to extend the automatic stay due to a perceived change in Debtor's financial circumstance. (ECF 8-1, Ex. D; Case No. 8-18-73512, ECF No. 14.) The changes of circumstances cited by the Debtor were: (1) the Debtor was now aware of how swiftly the modification process and the bankruptcy process can move; (2) the Debtor understood that she must provide required documents to the Lender and to the Trustee; and (3) her expenses had decreased and she now had more disposable income. (Case No. 8-18-73512, ECF No. 6.) Her expenses had decreased by $750 per month because her special needs son had been placed in a year-round residential program. Additionally, a pay raise increased Debtor's monthly gross salary from $12,006 to $12,322. (Hr'g Tr. 21–22.)

On June 12, 2018, the Bankruptcy Court approved the (apparently unopposed) request to participate in the Loss Mitigation Program and directed Plaintiff and the creditor to participate. (Case No. 8-18-73512, ECF No. 15 at 1–2.) On August 6, 2018, the Secured Creditor filed a letter to the Bankruptcy Court indicating that the Secured Creditor had issued the Debtor a denial letter on June 21, 2018. (Case No. 8-18-73512, ECF No. 22.) In the denial letter, the Secured Creditor reiterated that it was denying this request for the same reasons that it had denied Debtor's earlier request in the First Bankruptcy Case, including the fact that the loan was deemed to be affordable for Debtor. (Id.) Debtor then appealed the Secured Creditor's decision on June 26, 2018—the Secured Creditor denied this appeal on July 12, 2018 for the same reasons as its initial denial.

(Case No. 8-18-73512, ECF No. 22-2.)

On September 27, 2018, Judge Grossman dismissed the Second Bankruptcy Case and issued a formal order to that effect on October 11, 2018.  Judge Grossman, however, retained jurisdiction over the reasonableness of the fees charged by Weiss and issued an order to show cause setting a hearing to determine whether the legal fees paid by Debtor to Weiss "exceed the reasonable value of services so provided, and whether any or all portion of such fees should be returned" to the Debtor.  (Case No. 8-18-73512, ECF Nos. 24, 29.)

Notably, at a prior appearance before Judge Grossman on August 23, 2018, an attorney from Weiss represented to Judge Grossman that if the Debtor wanted the fees she had paid back, Weiss would return them.  (Proposed Aff. of Vanessa Pugh ¶ 8, Case No. 8-18-73512, ECF No. 28.)  After Judge Grossman issued his order to show cause, Weiss filed an affidavit from the Debtor in which she indicated that, after the August 23 hearing, she did not request that these fees be returned because she was satisfied with the services provided Weiss.  (Id. ¶ 9.)

On October 31, 2018, Judge Grossman held a hearing with four witness, including Debtor, to address the fee issue.  Judge Grossman ultimately determined, pursuant to 11 U.S.C § 329(a), that the legal fees paid by the Debtor to Weiss in the amount of $3,500 exceeded the reasonable value of the services provided.  (ECF No. 1 at 3, Order Directing Disgorgement of Fees.) Accordingly, Judge Grossman ordered Weiss to disgorge to the Debtor the $3,500 that she had paid Weiss for the Second Bankruptcy Case.  (Id.)  At the hearing, Judge Grossman stressed to the Debtor that she was free to give the money back to Weiss after the firm disgorged it if she desired.

Weiss then filed an appeal with this Court, seeking to have Judge Grossman's Order of

Disgorgement vacated.[1]

On May 6, 2020, this Court ordered Weiss to show cause, by May 20, 2020, why this appeal should not be dismissed "due to mootness and/or the absence of a case or controversy." Weiss never responded to that order to show cause.

## II. DISCUSSION

### A. This Appeal Does Not Involve a Justiciable Case or Controversy

Weiss seeks, on appeal, to vacate the Bankruptcy Court's disgorgement order, but has affirmed that it does not seek an order requiring the Debtor to repay the $3,500 to Weiss. For the reasons stated below, the Court dismisses Weiss's appeal as it does not involve a justiciable case or controversy.

"The duty of an Article III court is to decide live controversies, 'not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" In re Chateaugay Corp., 988 F.2d 322, 325 (2d Cir. 1993) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). "The 'irreducible constitutional minimum of standing,' rooted in Article III's case-or-controversy requirement, consists of three elements: (1) an 'injury in fact,' by which is meant 'an invasion of a legally protected interest'; (2) 'a causal connection between the injury and the conduct complained of'; and (3) a likelihood that 'the injury will be redressed by a favorable decision.'" Fulton v. Goord, 591 F.3d 37, 41 (2d Cir. 2009) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "To satisfy the Constitution's case-or-controversy requirement, a party must, at each stage of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision."

---

[1] Weiss's reply papers assert that Trustee Michael J. Macco—who filed an appellate brief in this Court—should not be permitted to file any opposition papers in this appeal because he did not participate in the October 31, 2018 hearing before Judge Grossman. The Court has considered Macco's brief. In any event, even if Macco's brief were stricken, the Court would reach the same conclusions.

Janakievski v. Exec. Dir., Rochester Psychiatric Ctr., 955 F.3d 314, 319 (2d Cir. 2020). A case will cease "to fall within a federal court's Article III subject matter jurisdiction and must be dismissed for mootness" if "as a result of changed circumstances, a case that presented an actual redressable injury at the time it was filed ceases to involve such an injury," id., "or events occur that would prevent the appellate court from fashioning effective relief," In re Chateaugay Corp., 988 F.2d at 325. The party asserting jurisdiction bears the burden of proof. See Nat. Res. Def. Council, Inc. v. U.S. Food & Drug Admin., 710 F.3d 71, 79 (2d Cir. 2013), as amended (Mar. 21, 2013).

Despite being given the opportunity to address this issue in response to the Court's May 6, 2020 Order to Show Cause, Weiss has not identified any basis for the Court to hear this appeal. Weiss's failure to respond to the May 6, 2020 Order to Show Cause is particularly notable because Weiss bears the burden of showing that this Court has jurisdiction to hear this appeal.

Weiss has not pointed to any cognizable harm that will be redressed by the mere vacatur of the Bankruptcy Court's order. Weiss's vague reference in its brief to the Bankruptcy Court's purported interference with the attorney-client relationship does not allege any such harm. Notably, the Debtor herself—who waived her attorney-client privilege during the hearing—did not appear in this appeal to assert that the Bankruptcy Court interfered with her attorney-client relationship with Weiss.

The only relief sought by Weiss—mere vacatur of the Bankruptcy Court's order without an accompanying court order that the Debtor pay back the $3,500—would not have any effect on the legally protected interests of the parties. The only relief sought by Weiss would not redress any cognizable injury or harm suffered by Weiss.

Notably, in bankruptcy appeals involving fee disputes, courts have observed that an appeal

is not moot if the court can "fashion effective relief by remanding with instructions to the bankruptcy court to order the return of erroneously disbursed funds." In re Int'l Envtl. Dynamics, Inc., 718 F.2d 322, 325–26 (9th Cir. 1983). Here, however, that avenue is foreclosed by Weiss's decision not to seek any such relief on appeal.

Accordingly, the Court dismisses this appeal because this case does not involve a justiciable case or controversy.[2] Additionally, as explained below, even if the Court did have jurisdiction to hear this appeal, it would affirm Judge Grossman's disgorgement order.

### B. Weiss's Arguments for Vacatur of the Disgorgement Order are Meritless

#### 1. Standard of Review

District courts review a bankruptcy court's factual findings for clear error and its conclusions of law de novo. See In re Charter Commc'ns, Inc., 691 F. 3d 476, 483 (2d Cir. 2012).. The clearly erroneous standard requires "[p]articularly strong deference" to "findings of fact based on credibility assessments of witnesses [the court] has heard testify." In re Pisculli, 408 F. App'x 477, 479 (2d Cir. 2011) (quoting In re Boyer, 328 F. App'x 711, 716 (2d Cir. 2009)). "While the trial court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden." In re Miner, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999). A district court will only overturn the bankruptcy's court's findings of fact if it "on the entire record.is left with the definite and firm conviction that a mistake has been committed." Id. (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

Matters left to a bankruptcy court's discretion, such as an order to disgorge fees pursuant to 11 U.S.C § 329, are reviewed for abuse of discretion. See Miller v. Simpson, 325 F. App'x 25,

---

[2] Even if Weiss had sought, on appeal, an order requiring that Debtor to return the disgorged fees, Weiss would be estopped from seeking such disgorgement because Weiss had previously represented to the Bankruptcy Court that the Debtor could have the money returned to her if she desired. Given its earlier position before the Bankruptcy Court, Weiss could not now seek a court order requiring the Debtor to return the funds.

26 (2d Cir. 2009). A bankruptcy court abuses its discretion when its decision "(1) rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) cannot be located within the range of permissible decisions, even if it is not necessarily the product of a legal error or a clearly erroneous factual finding." In re Fletcher Int'l, Ltd., 536 B.R. 551, 558 (S.D.N.Y. 2015), aff'd, 661 F. App'x 124 (2d Cir. 2016) (quoting In re Smith, 507 F.3d 64, 73 (2d Cir. 2007))

### 2. The Bankruptcy Court Did Not Predetermine the Fees Issue

As an initial matter, Weiss claims that the Bankruptcy Court abused its discretion by predetermining the outcome of the fee disgorgement hearing. Weiss's opening brief on this point consists of a single page without citations to any pages from the transcripts in the record. Nor does Weiss's opening brief cite any authority whatsoever on this issue. This is simply insufficient to adequately raise an issue on appeal to this Court and is reason alone to reject this argument.

Weiss raises additional points, for the first time, in its reply brief. Weiss waived these arguments by waiting until its reply brief to raise these points. In any event, even assuming arguendo that the new arguments in Weiss's reply brief are properly before the Court, they provide no basis to vacate Judge Grossman's disgorgement order.

Weiss focuses, in its reply brief, on the following comments that Judge Grossman made during the Debtor's testimony at the hearing and asserts that these comments give rise to appearance of impropriety:

> THE COURT: So you can rethink your affidavit. I have no problem with that. If you want them to return those funds, they will do it. If you don't want it -- well, that's not true.
>
> They're going to one way or another return it to you or the court. So you can then give it back to them, if you wish. But you're going to get the money back. They're going to write you a check or they're going to write the court a check.

>Then you can, if you wish, give it to them. You're outside of this court. That's up to you. But you don't have to think about that right now.

(Hr'g Tr. 32.) Judge Grossman made these comments during the Debtor's testimony and before witnesses from Weiss had testified.

These comments, while perhaps inadvisable, do not show that Judge Grossman predetermined the fee issue or indicate an appearance of impropriety. After the comments at issue, Judge Grossman proceeded to hear testimony from Weiss's witnesses before issuing his ruling. While it is evident that, during the hearing, Judge Grossman was highly skeptical of the reasonableness of the attorney's fees paid by Debtor, the record does not suggest that Judge Grossman prejudged the case. The Court finds none of Weiss's arguments on this point warrant vacatur of Judge Grossman's order.

### 3. Weiss's Substantive Arguments Against the Disgorgement Order are Meritless

Pursuant to 11 U.S.C. § 329, bankruptcy courts are authorized to "determine the reasonableness of compensation paid or agreed to be paid for representing the interests of a debtor in connection with a bankruptcy case." In re Moukazis, 479 B.R. 247, 248 (Bankr. E.D.N.Y. 2012) (quoting In re Chin Kim, No. 10-77169, 2012 WL 3907490, at *3 (Bankr. E.D.N.Y. Sept. 6, 2012) (internal quotations omitted). The purpose of 11 U.S.C. § 329(b) "is to give the [Bankruptcy] [C]ourt the ability to prevent over-reaching attorneys from taking advantage of desperate bankruptcy debtors." In re Gorski, 519 B.R. 67, 74 (Bankr. S.D.N.Y. 2014).

In a Chapter 13 case, in which the debtor is an individual, "the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." 11 U.S.C. § 330(a)(4)(B). Section 330 of the Bankruptcy Code sets forth the relevant factors to be considered in determining the amount

9

of reasonable compensation, including:

>(A) the time spent on such services;
>
>(B) the rates charged for such services;
>
>(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed . . .

11 U.S.C § 330(a)(3).  The Bankruptcy Code also directs courts to disallow "compensation for . . . unnecessary duplication of services[] or . . . services that were not . . . reasonably likely to benefit the debtor's estate."  11 U.S.C § 330(a)(4)(A).

"[C]ounsel bears the burden of establishing the reasonableness of its fees." In re Moukazis, 479 B.R. at 252. Judge Grossman did not abuse his discretion or clearly err in deciding that the $3,500 in fees paid by Debtor for the Second Bankruptcy Case were not reasonable.  The Second Bankruptcy Case was filed in order to obtain a stay and to utilize the Court's loss mitigation program. (Hr'g Tr. 59–61, 70–71, 75.) Judge Grossman did not clearly err or abuse his discretion in concluding that this was not an appropriate basis to file the Second Bankruptcy Case and charge Debtor $3,500 when there was little, if any, reason to believe that a second attempt at loss mitigation would be successful.  Judge Grossman's order requiring Weiss to disgorge $3,500 in fees for the Second Bankruptcy Case was amply justified by the record here.

Nevertheless, Weiss maintains, inter alia, that Judge Grossman erred because:

>(1) the Debtor stated that she was satisfied with the legal services rendered by Weiss and did not desire the fees be returned to her;
>
>(2) the evidence presented at the evidentiary hearing established that Weiss spent considerable time on the case;

10

(3) Weiss believed that the second bankruptcy filing in pursuit of loss mitigation could be successful;

(4) earlier in the case, Judge Grossman had granted the Debtor's motion to extend the automatic stay and directed the parties to participate in the Loss Mitigation Program, which Weiss maintains shows that its fees were reasonable.

None of these arguments show that Judge Grossman's determination was clearly erroneous or an abuse of discretion. Weiss cites no authority in support of its absurd argument that a bankruptcy court is precluded from ordering disgorgement of fees under § 329 anytime a Debtor indicates subjective satisfaction with the representation. Nothing in § 329 or § 330 indicates that a Debtor's purported satisfaction with a representation precludes a bankruptcy judge from scrutinizing the fees charged. Moreover, the underlying factual premise of Weiss's argument—namely, that Debtor was clearly satisfied with the representation—is not even supported by the record. Debtor submitted an affidavit prior to the hearing indicating that she was satisfied with Weiss's representation and did not request a return of the fees she paid. And, she testified to the same at the outset of the hearing. However, Judge Grossman's probing questions at the hearing subsequently revealed that Debtor mistakenly believed that Weiss was going to represent her in the state court foreclosure action. (Tr. 5, 24.) By the conclusion of the hearing, there was little reason to believe Debtor was still satisfied with the representation, and Weiss never asked her again, after Judge Grossman's questioning, whether she was still satisfied with the representation. Additionally, nothing in the record indicates that Debtor voluntarily returned the $3,500 to Weiss after the disgorgement order, which Judge Grossman made clear she was free to do. If Debtor was truly satisfied with the representation, she would have surely returned the money.

As to the issue of time expended by Weiss, the fact that Weiss may have expended a considerable amount of time on Plaintiff's case does not show that Judge Grossman erred. The amount of time spent by the attorneys is only one factor to consider.

Weiss claims—for the first time in its reply brief—that the testimony of Weiss paralegal Heidi Ortiz at the hearing established the reasonableness of the fees Debtor paid. Ortiz testified that she believed that the modification request made in the Second Bankruptcy Case would be successful "[b]ecause I've had that happen to me in the past, where I will make another submission. The programs change every couple of months, every six months . . . ." (Tr. 43.) It was not clearly erroneous for Judge Grossman to reject such vague testimony which provides little, if any, support for Weiss's claim that, in this specific case, the Debtor's modification request in the Second Bankruptcy Case had a chance to succeed such that a $3,500 fee charged to Debtor was reasonable. The first loss mitigation request was denied because, inter alia, Debtor had too much income which made the loan "affordable." (See Hr'g Tr. 74; Case No. 17-74413, ECF No. 35 at 1–3.) Given the grounds for the denial of the first modification request—which the creditor reaffirmed in January 2018 when it denied Debtor's appeal—Weiss has not shown that the second bankruptcy filing and loss mitigation request had any reasonable chance to succeed given that Debtor now made more money and had lower expenses.

Weiss's reliance on the earlier order of Judge Grossman—which granted Debtor's request to extend the automatic stay and directed the parties to participate in the Loss Mitigation Program—is also misplaced. The mere fact that Judge Grossman—a busy bankruptcy judge—granted Debtor's (apparently unopposed) requests to extend the automatic stay and place the case in the Loss Mitigation Program did not preclude Judge Grossman from subsequently deciding to scrutinize this case more closely and to ultimately conclude that the fees charged to Debtor were not reasonable.

In its reply brief, Weiss asserts for the first time that the extension of the automatic stay provided a benefit to the Debtor that justified the fee. Again, it is not appropriate to raise arguments

for the first time in a reply brief. Moreover, although the extension of the automatic stay provided some benefit to Debtor, Judge Grossman concluded that the fees charged should not be permitted here because it was improper to file the Second Bankruptcy Case to obtain a stay when there was little, if any, chance that Debtor would receive a modification. Judge Grossman's determination that Weiss's fees were not reasonable was neither clearly erroneous nor an abuse of discretion. Cf. In re Casse, 198 F.3d 327, 332 (2d Cir. 1999) ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy Code. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors." (quoting In re Felberman, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995)): In re Bolton, 43 B.R. 598, 601 (Bankr. E.D.N.Y. 1984) (directing attorney to disgorge entire fee because, inter alia, the proof of the "alleged changed circumstances" that purportedly justified the filing of a third petition "was entirely inadequate").

Finally, the fact that, after the hearing, Judge Grossman subsequently changed his rules concerning loss mitigation requests (and mentioned during the hearing that he was going to do so) is irrelevant. Judge Grossman did not apply those new rules to this case. Rather, he simply determined that, based on all of the evidence before him, Weiss's fees for the Second Bankruptcy Case were not reasonable and had to be disgorged. That determination was neither clearly erroneous nor an abuse of discretion.

### III.  CONCLUSION

For the reasons stated above, Weiss's appeal is DISMISSED.  The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: May 31, 2020
Central Islip, New York

                                                    /s/ (JMA)
                                      JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE